51 F.3d 279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Josefina Buyson Villarama CRUZ, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70704.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1995.*
Decided March 30, 1995.
 
 1
 Before: BROWNING, and BEEZER, Circuit Judges, and JONES,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 We review the Immigration Judge's ("IJ") decision as to extreme hardship for abuse of discretion, Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986), and with an awareness that our review is strictly procedural and gives us no authority to substitute our view of hardship for that of the IJ, see Roe v. INS, 771 F.2d 1328, 1333 (9th Cir.1985).
 
 
 4
 Although the IJ may not presume that a deportee will be accompanied by her citizen children, Cerrillo-Perez v. INS, 809 F.2d 1419, 1424, 1426-27 (9th Cir.1987), he is not required to consider hardship from a hypothetical separation that is disproved by the record. Since petitioner's husband testified he and their daughter would accompany petitioner to the Philippines if she were deported, the IJ properly discounted the hardship of separation itself.
 
 
 5
 The IJ's decision also reflects appropriate consideration of the inability of petitioner's daughter to read Tagalog, her daughter's superior educational opportunities in the United States, her husband's status as a lawful permanent resident, her daughter's citizenship, and the anticipated reduction in the family's standard of living should they return to the Philippines. (See A.R. at 26-28.)
 
 
 6
 Contrary to petitioner's assertion, the IJ did not hold that an alien can demonstrate extreme hardship only if she has been in the United States for a continuous period far exceeding the minimum period for statutory eligibility. Rather, the IJ appeared to view petitioner's eight-year period of residence as a neutral factor. He noted that eight years was "a significant period of time but ... just a reasonable period of time to qualify for relief. Just one year over the seven year requirement." (A.R. at 25.) The IJ's determination that an eight-year period of residence does not, of its own force, demonstrate that extreme hardship would flow from deportation is consistent with the statute's prescription of a seven-year minimum residency requirement to establish eligibility for relief. See 8 U.S.C. Sec. 1254(a)(1). Nor was it improper for the IJ to consider petitioner's age in evaluating the extent of the hardship that she would experience by being required to leave the country after eight years' residence. Cf. Yepes-Prado v. INS, 10 F.3d 1363, 1366 (9th Cir.1993) (noting that residence of long duration is viewed as a favorable equity in the analogous context of discretionary relief under 8 U.S.C. Sec. 1182(c), "particularly when residence began at a young age").
 
 
 7
 The IJ's consideration of the nature of petitioner's social ties in the United States was also proper. The IJ did not conclude, as petitioner suggests, that petitioner lacked extensive social ties in the United States but, rather, found that she lacked ties "which would cause any significant or substantial hardship to [petitioner or her family], were they required to depart." (A.R. at 26.) It was not impermissible for the IJ to infer from petitioner's ongoing social connection with people from her native village in the Philippines that petitioner would not face extreme hardship in trying to reintegrate herself into Filipino society after an eight-year absence.
 
 
 8
 The IJ erred, however, in failing to consider the hardship to petitioner that would ensue from being required to place her family in a position where they would be forced to choose between preserving their family unity and remaining in the United States. In this regard, the IJ states only that, "while there may be some emotions involved in leaving the United States it has not been shown that those are any different than would result in any aliens [sic] leaving the United States, who have been here for any considerable period of time." (A.R. at 26.) Because this statement does not reflect that the IJ actually considered the hardship to petitioner of effectively forcing her family into exile, we must remand. See Roe, 771 F.2d at 1333 ("Failure to consider all relevant facts bearing upon extreme hardship or to articulate the reasons for denying suspension of deportation constitutes an abuse of discretion.") (citation omitted). Petitioner correctly notes that failure to weigh in the hardship calculus the hardship resulting from forcing one's family to leave the country could have the effect of placing perjurers or those with more tenuous family ties in a superior position to aliens with strong family ties.
 
 
 9
 The IJ's decision also failed to consider the presence of petitioner's siblings in the United States. An alien may undoubtedly suffer hardship by being separated from her siblings. Although the BIA purported to examine this issue independently, its decision makes evident that it was reviewing the IJ's decision for error, not de novo. Unless the BIA engages in de novo review of the IJ's discretionary decision, we review only the decision of the IJ. See Yepes-Prado, 10 F.3d at 1366-67 (holding that, where it appeared that BIA had not engaged in de novo review of IJ's discretionary decision, court was required to review the decision of the IJ directly); cf. Alaelua v. INS, 45 F.3d 1379 (9th Cir.1995) (noting that BIA may adopt the decision of the IJ for convenience, even where it reviews the record independently).
 
 
 10
 REMANDED to the Board of Immigration Appeals for further proceedings consistent with this memorandum of decision.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Robert E. Jones, District Judge, United States District Court for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3